# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AUNDRA BROOKS** | * | **CIVIL ACTION** |
| | * | |
| **versus** | * | **No. 16-16753** |
| | * | |
| **TARGET CORPORATION OF MINNESOTA** | * | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is Defendant Target Corp. of Minnesota's Motion for Summary Judgment. R. Doc. 18. Plaintiff responds in opposition. R. Doc. 26. Having considered the parties' arguments, submissions, and the applicable law, the Court now issues this Order and Reasons.

## I.    BACKGROUND

This case arises out of injuries Plaintiff Aundra Brooks ("Brooks") allegedly sustained after slipping and falling at Defendant Target Corporation's ("Target") Covington store. Plaintiff originally filed this personal injury action in the 22nd Judicial District Court for the Parish of St. Tammany; Defendants filed for removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff alleges that on August 23, 2015, she slipped and fell due to an unknown clear liquid substance on the floor of Defendant's store located at 69320 Hwy 21, Covington, Louisiana, 70433. R. Doc. 1-7 at 3. Plaintiff was initially diagnosed with a right knee sprain but after exhibiting signs of a meniscus tear, was scheduled for arthroscopic surgery. R. Doc. 1-7 at 4. During the surgery, the existence of a meniscus tear was confirmed. R. Doc. 1-7 at 4. Plaintiff alleges that the sole and proximate cause of her injury was Defendant's negligence in failing to provide a reasonably safe place for patrons to shop, failure to inspect the floors to ensure the safety

of patrons, and strict liability. Plaintiff seeks damages for pain and suffering, mental anguish and emotional trauma, physical injury, medical expenses, and discomfort, and inconvenience.  R. Doc. 1-7 at 5.

Defendant timely answered the claim, and raised the affirmative defense that Plaintiff's injuries were caused in whole or in part by individuals over whom Defendant has no control. R. Doc. 6 at 4.  Defendants allege that Plaintiff was comparatively negligent in her failure to see what she should have seen, her failure to exercise reasonable care under the circumstances, and her failure to take ordinary and reasonable steps to avoid the alleged accident. R. Doc. 6 at 4.

The settlement conference scheduled for September 25, 2017 was cancelled. R. Doc. 24.

## II.    PRESENT MOTION

### a.    Defendant's Motion for Summary Judgment (R. Doc. 18)

Defendant filed a Motion for Summary Judgment. R. Doc. 18. Plaintiff responds. R. Doc. Defendant argues that Plaintiff is unable to provide factual support for the cause of her slip and so Defendant is entitled to summary judgment. R. Doc. 18-2 at 1. Defendant claims that Plaintiff will not be able to meet her burden of proof that Defendant had actual or constructive notice of an unreasonable dangerous condition before she slipped. R. Doc. 18-2 at 4.

### b.    Plaintiff's Response (R. Doc. 26)

Plaintiff responds in opposition to Defendant's motion arguing that Plaintiff is able to meet her burden of proof under La. R.S. 9:2800.6. R. Doc. 26 at 1. Plaintiff alleges that Defendant Target's counter spraying procedures were improper and caused clear cleaning solution to collect on the floor in a particular spot. R. Doc. 26 at 1. Plaintiff argues that this procedure and the pooled cleaning solution caused an unreasonable risk of harm to the Plaintiff. R. Doc. 26 at 1. Plaintiff alleges that a Target manager has admitted that the store was having a problem with employees overspraying the countertops. R. Doc. 26 at 2. Therefore, Plaintiff

claims that this issue is not ripe for summary judgment because there are genuine issues of material fact regarding the elements of La. R.S. 9:2800.6. R. Doc. 26 at 7.

## III.    LEGAL STANDARDS

### a.    Summary Judgment Standard (Fed. R. Civ. P. 56)

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *see also Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the

facts and draw any appropriate inferences based on the evidence in the light most favorable to the

party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th

Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

### b. Louisiana Law of Premises Liability

Because the present matter is before the Court pursuant to 28 U.S.C. 1332, the Court is

obliged to apply the substantive law of the forum state; here, that is Louisiana law. *Holt v. State

Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010). Under Louisiana law, Louisiana

Revised Statute § 9:2800.6 governs claims of store patrons against merchants for injuries

sustained while on the premises of the merchant's store. This statute provides that "[a] merchant

owes a duty to persons who use his premises to exercise reasonable care to keep his aisles,

passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to

keep the premises free of any hazardous conditions which reasonably might give rise to

damage." La. Rev. Stat. § 9:2800.6. LSA-R.S. 9:2800.6 provides:

> B. In a negligence claim brought against a merchant by a person lawfully on the
> merchant's premises for damages as a result of an injury, death, or loss sustained
> because of a fall due to a condition existing in or on a merchant's premises, the
> claimant shall have the burden of proving, in addition to all other elements of his
> cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that
> risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the
> condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable
> care, the absence of a written or verbal uniform cleanup or safety procedure is
> insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
> (1) "Constructive notice" means the claimant has proven that the condition
> existed for such a period of time that it would have been discovered if the
> merchant had exercised reasonable care. The presence of an employee of the
> merchant in the vicinity in which the condition exists does not, alone, constitute
> constructive notice, unless it is shown that the employee knew, or in the exercise
> of reasonable care should have known, of the condition.

4

The statute requires that the plaintiff prove either that the merchant created the condition that caused the fall or had actual or constructive notice of the condition. *Broussard v. Outback Steakhouse of Fla., Inc.*, 146 F. App'x 710 (5th Cir. 2005). "[T]he issue of constructive notice is not reached provided that Plaintiff can demonstrate the merchant created the hazardous condition alleged." *Burkhamer v. Wal-Mart Stores, Inc.*, No. 04-1309, 2005 U.S. Dist. LEXIS 9200, at *4 (E.D. La. May 6, 2005).

## IV.    DISCUSSION

Here, the issue in dispute is whether evidence exists demonstrating Defendant Target created or had actual or constructive notice of the liquid on the floor before Plaintiff slipped. Plaintiff claims that Defendant was negligent in spraying down counters in the checkout area and this negligence caused cleaning solution to pool. Defendant's former employee, Ashton Toefield, has submitted an affidavit stating that "counter over-spraying has been an issue at the store." R. Doc. 26-3 at 2. Plaintiff has submitted sufficient evidence in the form of affidavits to create a genuine issue of material fact as to whether Defendant created the alleged defect and unreasonable risk of harm. Therefore, this issue is not appropriate for summary judgment.

## V.    CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Defendant's Motion for Summary Judgment, R. Doc. 18, is hereby **DENIED**.

New Orleans, Louisiana, this 26th day of September, 2017.

_____
UNITED STATES DISTRICT JUDGE